**FILED**

**FEBRUARY 14, 2008**
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

**08 C 933**

| | | |
|---|---|---|
| GLAZIERS, ARCHITECTURAL METAL AND GLASS WORKERS LOCAL UNION NO. 27 WELFARE AND PENSION FUNDS, | ) ) ) ) ) | NO. |
| PLAINTIFFS, | ) ) | JUDGE **JUDGE ZAGEL** |
| V. | ) ) | **MAGISTRATE JUDGE BROWN** MAGISTRATE JUDGE |
| OTIS W. TAYLOR d/b/a O.W. TAYLOR, | ) ) | |
| DEFENDANT. | ) | |

### COMPLAINT

Plaintiffs, by their attorneys, DONALD D. SCHWARTZ and ARNOLD AND KADJAN,

complain against Defendant, **OTIS W. TAYLOR d/b/a O.W. TAYLOR,** as follows:

### COUNT 1

1.      (a)      Jurisdiction of this cause is based on Section 301 of the National Labor

Relations Act, 29 U.S.C. Section 185 (a) as amended.

(b)      Jurisdiction of this cause is based upon Section 502 of the Employee

Retirement Security Act of 1974, 29 U.S.C. Section 1132, 1145 ("ERISA"), as amended.

2.      Venue is founded pursuant to 29 U.S.C. Section 1132 (e)(2) in this District where

the Funds, as described in Paragraph 3, are administered.

3.      (a)      The Plaintiffs in this count are the GLAZIERS, ARCHITECTURAL

METAL AND GLASS WORKERS LOCAL UNION NO. 27 FRINGE BENEFIT FUNDS ("the

Funds"), and have standing to sue pursuant to 29 U.S.C. Section 1132(d)(1).

(b)      The Funds have been established pursuant to collective bargaining

agreements previously entered into between the Glaziers Union Fringe Benefit Funds and its

affiliated locals (the "Union") and certain employer associations whose employees are covered by the collective bargaining agreement with the Union.

(c)    The Funds are maintained and administered in accordance with and pursuant to the provisions of the National Labor Relations Act, as amended, and other applicable state and federal laws and also pursuant to the terms and provisions of the agreements and Declarations of Trust which establish the Funds.

4.    (a)    Defendant **OTIS W. TAYLOR d/b/a O.W. TAYLOR, ("O.W. TAYLOR")** is an Ohio corporation authorized to do business in Illinois and is an employer engaged in an industry affecting commerce.

5.    Since on or about **June 2, 2004, O.W. TAYLOR** has entered into successive collective bargaining agreements with the Union pursuant to which it is required to pay specified wages and to make periodic contributions to the Funds on behalf of certain of its employees. (Exhibit A)

6.    By virtue of certain provisions contained in the collective bargaining agreements, **O.W. TAYLOR** is bound by the Trust Agreement establishing the Funds.

7.    Under the terms of the collective bargaining agreements and Trust Agreements to which it is bound, **O.W. TAYLOR** is required to make contributions to the Funds on behalf of their employees and, when given reasonable notice by Plaintiffs or their representatives, to submit all necessary books and records to Plaintiff's accountant for the purpose of determining whether or not it is in compliance with its obligation to contribute to the Funds.

8.    Since before **June 2, 2004, O.W. TAYLOR**, has admitted, acknowledged and ratified the collective bargaining agreements entered into with the Union by filing periodic report forms with the Funds by making some but not all of the periodic payments to the Funds as

required by the collective bargaining agreements.

9.    Plaintiffs are advised and believe that for **January 1, 2006 to the present, O.W. TAYLOR** has failed to make some of the contributions, from time to time required to be paid by it to the Funds pursuant to the Terms of the collective bargaining agreements and Trust Agreements by which it is bound, all in violation of its contractual obligations and obligations under applicable state and federal statutes.

**WHEREFORE**, Plaintiffs pray for relief as follows:

A.    **O.W. TAYLOR** be ordered to submit to an audit for **January 1, 2006 to the present.**

B.    Judgment be entered on any amounts found to be due on the audit.

C.    Plaintiffs be awarded their costs herein, including reasonable attorneys' fees and costs incurred in the prosecution of this action, together with liquidated damages in the amount of 20%, all as provided in the applicable agreements and ERISA Section 502(g)(2).

D.    **O.W. TAYLOR** be enjoined from violating the terms of the collective bargaining agreements and Trust Agreements by failing to make timely payments to the Funds and be ordered to resume making those payments.

E.    This Court grant Plaintiffs such other and further relief as it may deem appropriate under the circumstances.

Respectfully submitted,

**GLAZIERS, ARCHITECTURAL
METAL AND GLASS WORKERS
LOCAL UNION NO. 27 WELFARE
AND PENSION FUNDS**

By: _____
                One of their Attorneys

Donald D. Schwartz
**ARNOLD AND KADJAN**
19 West Jackson Blvd.
Chicago, Illinois 60604
(312) 236-0415

## ARTICLES OF AGREEMENT

**ARTICLES OF AGREEMENT** made this __ day of April 2004, by and between **PAINTERS DISTRICT COUNCIL NO. 14 and its affiliate, GLAZIERS, ARCHITECTURAL METAL AND GLASS WORKERS LOCAL UNION NO. 27, CHICAGO AND VICINITY**, of the International Union of Painters and Allied Trades, AFL-CIO (the Union) and **O. W. Taylor, PO Box 23290, Cincinatti, OH 45223 (the Employer).**

### ARTICLE 1
### PARTIES

Whenever the word "Association" is used herein, it shall mean the ASSOCIATION OF GLAZING CONTRACTORS and all of its members individually and collectively, whether now belonging to said Association or who may hereafter be admitted to membership. The members of said Association (and any other employer who is not a member of the Association, but is otherwise bound by this Agreement), being sometimes hereinafter referred to as the "Employer".

Whenever the word "Union" is used herein, it shall mean the PAINTERS DISTRICT COUNCIL NO 14 and its affiliate, GLAZIERS, ARCHITECTURAL METAL AND GLASS WORKERS LOCAL UNION NO. 27, CHICAGO and VICINITY, of the International Union of painters and Allied Trades, AFL-CIO, and all of the local unions affiliated therewith and all of the members thereof individually and collectively bound hereafter, whether now members of said Local Union or who may hereafter become members of said Union. The members of said Union being sometimes referred to hereinafter as the "Employee".

### ARTICLE 2
### RECOGNITION - UNION SHOP

Section 1. Recognition of Union. The Association and the Employers it represents in bargaining and such other Employers as may become members of the Association or who agree to be bound by the terms of this Agreement, recognize the Unions as the sole and exclusive bargaining agent for a unit of Employees appropriate for bargaining within Section 9(a) of the National Labor Relations Act. The Association and the Employers it represents in bargaining agree that this recognition is predicated on a clear showing of majority support indicated by bargaining unit Employees without the need for a National Labor Relations Board certified election under Sections 9(a) and © of the Act, for the purpose of collective bargaining in respect to rates of pay, wages, hours of employment, practices, standards of workmanship, safety practices and other conditions of employment.

Section2. Recognition of Association. (A) the Union recognizes the Association as the sole and exclusive bargaining agent of the Employer members of the Association and of such other Employers as may become members of the Association or agree to be bound by the terms of this Agreement, as to all matters concerning Employees in the Bargaining Unit.



EXHIBIT

A

IN WITNESS WHEREOF, said parties have to this Agreement, or by their representatives on their behalf, respectively, set their hands and seals.

CONTRACTOR
O. W. Taylor
PO Box 23290
Cincinati, OH 45223

By: _____

O W Taylor
Please print name signed above

6-2-04
Date

513-684-0900
513-684-0921   FAX
513-615-3524   CELL

PAINTERS DISTRICT COUNCIL NO. 14

By: Gerald C Harms
Gerald C. Harms

GLAZIERS, ARCHITECTURAL METAL AND GLASSWORKERS LOCAL UNION NO. 27, CHICAGO AND VICINITY, OF THE INTERNATIONAL UNION OF PAINTERS AND ALLIED TRADES, AFL-CIO

By _____
Leonard Matthies, Business Representative

By: _____
Michael L. Ohm, Recording Secretary

Date: JUNE 7, 2004