## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| GLAZIERS, ARCHITECTURAL METAL AND GLASS WORKERS LOCAL UNION NO. 27 WELFARE AND PENSION FUNDS, | ) ) ) ) | No. 08 C 933 |
| | ) | Judge Zagel |
| | ) | Magistrate Judge Brown |
| PLAINTIFFS, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| OTIS W. TAYLOR d/b/a O.W. TAYLOR, | ) | ANSWER OF DEFENDANT OTIS W. |
| | ) | TAYLOR d/b/a/ O.W. TAYLOR |
| DEFENDANT. | ) | |

Defendant Otis W. Taylor d/b/a O.W. Taylor for its Answer to the Complaint states as follows:

### COUNT 1

1.    (a)    Jurisdiction of this cause is based on Section 301 of the National Labor Relations Act, 29 U.S.C. Section 185(a) as amended.

(b)    Jurisdiction of this cause is based upon Section 502 of the Employee Retirement Income Security Act of 1974, 29 U.S.C. Section 1132, 1145 ("ERISA"), as amended.

**ANSWER:**

Defendant admits that this Court has jurisdiction but denies that it violated ERISA or any other law as alleged.

2.    Venue is founded pursuant to 29 U.S.C. Section 1132(e)(2) in this District where the Funds, as described in Paragraph 3, are administered.

**ANSWER**:

Defendant denies the allegations of Paragraph 2 of the Complaint due to lack of information or knowledge sufficient to form a belief.

3.    (a)    The Plaintiffs in this count are the GLAZIERS, ARCHITECTURAL METAL AND GLASS WORKERS LOCAL UNION NO. 27 FRINGE BENEFIT FUNDS ("the Funds"), and have standing to sue pursuant to 29 U.S.C. Section 1132(d)(1).

(b)    The Funds have been established pursuant to collective bargaining agreements previously entered into between the Glaziers Union Fringe Benefit Funds and its affiliated locals (the "Union") and certain employer associations whose employees are covered by the collective bargaining agreement with the Union.

(c)    The Funds are maintained and administered in accordance with and pursuant to the provisions of the National Labor Relations Act, as amended, and other applicable state and federal laws and also pursuant to the terms and provisions of the agreements and Declarations of Trust which establish the Funds.

**ANSWER:**

Defendant admits the allegations of Paragraph 3(a) of the Complaint.  Defendant denies the allegations of Paragraph 3(b) and Paragraph 3(c) of the Complaint due to lack of information or knowledge sufficient to form a belief.

4.    (a)    Defendant **OTIS W. TAYLOR d/b/a O.W. TAYLOR,  (O.W. TAYLOR")** is an Ohio corporation authorized to do business in Illinois and is an employer engaged in an industry affecting commerce.

**ANSWER:**

Defendant admits the allegations in Paragraph 4 of the Complaint.

5.    Since on or about **June 2, 2004, O.W. TAYLOR** has entered into successive collective bargaining agreements with the Union pursuant to which it is required to pay specified

2

wages and to make periodic contributions to the Funds on behalf of certain of its employees (Exhibit A)

**ANSWER:**

Defendant admits that it entered into an agreement with the Union in 2004. That agreement has expired. As no further agreements are attached as exhibits to the Complaint, Defendant denies the remaining allegations in Paragraph 5 of the Complaint due to lack of information or knowledge sufficient to form a belief.

6.     By virtue of certain provisions contained in the collective bargaining agreements, **O.W. TAYLOR** is bound by the Trust Agreement establishing the Funds.

**ANSWER:**

Defendant denies the allegations in Paragraph 6 of the Complaint due to lack of information or knowledge sufficient to form a belief.

7.     Under the terms of the collective bargaining agreements an Trust Agreements to which it is bound, **O.W. TAYLOR** is required to make contributions to the Funds on behalf of their employees and, when given reasonable notice by Plaintiffs or their representatives, to submit all necessary books and records to Plaintiff's accountant for the purpose of determining whether or not it is in compliance with its obligation to contribute to the Funds.

**ANSWER:**

Defendant denies the allegations in Paragraph 7 of the Complaint due to lack of information or knowledge sufficient to form a belief.

8.     Since before **June 2, 2004, O.W. TAYLOR**, has admitted, acknowledged and ratified the collective bargaining agreements entered into with the Union by filing periodic report

3

forms with he Funds by making some but not all of the periodic payments to the Funds as required by the collective bargaining agreements.

**ANSWER:**

Defendant denies the allegations in Paragraph 8 of the Complaint due to lack of information or knowledge sufficient to form a belief.

9.      Plaintiffs are advised and believe that for **January 1, 2006 to the present, O.W. TAYLOR** has failed to make some of the contributions, from time to time required to be paid by it to the Funds pursuant to the Terms of the collective bargaining agreements and Trust Agreements by which it is bound, all in violation of its contractual obligations and obligation under applicable state and federal statutes.

**ANSWER:**

Defendant denies the allegations in Paragraph 9 of the Complaint due to lack of information or knowledge sufficient to form a belief.

10.     Defendant denies each and every allegation not specifically admitted herein.

11.     Defendant denies that Plaintiff is entitled to the relief requested in the prayer for relief.

**AFFIRMATIVE DEFENSES**

12.     Plaintiff's allegations fail to state a claim upon which relief can be granted.

13.     Plaintiff's claims are or may be barred by the applicable statute of limitations.

14.     Plaintiff's claims are barred by the statute of frauds and/or the doctrine of waiver.

Respectfully Submitted,

TAFT STETTINIUS & HOLLISTER LLP


By: s/ Gregory Parker Rogers
        Attorney for Defendant

4

{W1272776.1}

Gregory Parker Rogers
ID No. 0042323
Taft Stettinius & Hollister LLP
425 Walnut Street, Suite 1800
Cincinnati, Ohio  45202-3957
Tel:  (513) 381-2838
Fax:  (513) 381-0205
rogers@taftlaw.com

Dated June 17, 2008

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on  June 17, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:  Donald D. Schwartz, Arnold & Kadjan, 19 West Jackson Blvd., Chicago, Illinois 60604.

<u>s/ Gregory Parker Rogers</u>
 Gregory Parker Rogers

{W1272776.1}